Argued and submitted January 9, remanded with instructions February 8, 1984

In the Matter of the Compensation
of Rhea A. Ramberg, Claimant.

RAMBERG,
*Petitioner,*

*v.*

GEORGIA PACIFIC CORPORATION,
*Respondent.*

(WCB No. 81-10707; CA A28024)

675 P2d 1115

Brian R. Whitehead, Eugene, argued the cause for petitioner. With him on the brief were Malagon & Associates, and Evohl F. Malagon, Eugene.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

On the eve of the hearing on this denied claim for medical services, claimant's boyfriend died. Her counsel became aware of that only minutes before the hearing commenced, and he requested a continuance because claimant was too distraught to testify. After extended colloquy, the referee denied the continuance on the ground that her "testimony is not necessary." He issued an order denying the claim, which was based entirely on the medical record. The Board, after acknowledging that it was "strongly tempted to remand * * * and allow claimant the opportunity to be heard * * *," concluded "that resolution of the medical causation issue requires reference to expert medical opinion and that claimant's testimony, even assuming it to be most favorable to her position, would not resolve the causation issue." It affirmed the referee.

Although claimant's own testimony might not have *resolved* the causation issue, her testimony and its credibility could have been relevant to what one of the medical witnesses called the "complex etiology" of her condition. Although the medical evidence was necessary, and might well have been decisive, claimant was entitled to be heard in support of her claim.[1] *See J.C. Compton Co. v. DeGraff,* 52 Or App 317, 628 P2d 437, as modified on reconsideration 52 Or App at 1026 (1981).

Under the authority of ORS 656.298(6), we remand the matter to the referee to take the testimony of claimant. If the referee concludes that the testimony supports a different conclusion on the claim, a revised opinion and order shall be entered and the Board shall conduct a new review. Otherwise, the referee shall affirm the previous order, and the Board shall forward the transcribed testimony of claimant to this court for inclusion in the record on *de novo* review within 90 days of the effective date of this decision.

Remanded to the referee with instructions.

---

[1] At the time of this hearing, the Board had on review another referee's opinion and order denying an earlier aggravation claim by claimant. The referee here had reviewed that opinion and order and the exhibits on which it relied. Claimant had testified at the hearing on that claim, but it is not clear on this record whether the referee reviewed that testimony. In any event, defense counsel at the hearing agreed that her new testimony might have related to a worsening of her compensable condition and the need for surgery.